UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TROFATTER,

        Plaintiff,        Case No. 1:09-cv-898

v.        Honorable Paul L. Maloney

KRISTINA KIRY et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the filing fee as funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because it seeks monetary relief from persons immune from that relief.

**Discussion**

I.   Factual allegations

Plaintiff Michael Trofatter presently is incarcerated at the Cooper Street Correctional Facility. He sues the following Ingham County Circuit Court employees: court clerk Kristina Kiry and court reporter Anne M. Westfall.[1]

In his complaint, Plaintiff alleges that, on January 18, 2006, he pleaded guilty to a probation violation in the Ingham County Circuit Court. On January 25, 2006, the court revoked his probation and sentenced him to terms of imprisonment of three to eight years and three to ten years on the underlying convictions. In February 2006, Plaintiff requested the appointment of appellate counsel and the production of transcripts from his plea hearing and sentencing. The Ingham County Circuit Court appointed counsel and ordered the production of transcripts in an order issued March 10, 2006. Defendant Kiry, an Ingham County Circuit Court clerk, did not process the order for 17 days. At that time, she mistakenly requested the transcripts from Plaintiff's 2001 trial, but she did not request the transcript of the plea hearing from the 2006 probation-violation hearing. As a result of the error, a second amended order was issued on June 5, 2006, directing the production of the January 18, 2006 plea transcript. Defendant Kiry processed the order on June 12, 2006, requesting that Defendant Westfall transcribe and file the January 18, 2006 plea transcript. Westfall produced and filed the transcripts on August 30, 2006. Plaintiff alleges that the two-and-one-half months taken by Westfall to produce the transcript violated MICH. CT. R. 7.210(B).

---

[1]The instant action originally was filed in the Eastern District of Michigan on September 29, 2009. The action was transferred to this Court. On November 12, 2009, the Court ordered Plaintiff to file an amended complaint on the form, but advised Plaintiff that he need not re-file any exhibits or attachments to his original complaint. (Docket #10.) Plaintiff's amended complaint was filed on December 4, 2009. (Docket #11.) Plaintiff's allegations are taken from his amended complaint, though the Court also has considered and referenced the attachment's to Plaintiff's original complaint.

On September 18, 2006, appellate counsel filed his appellate brief, raising frivolous issues regarding the 2001 proceedings. Upon seeing his attorney's appellate brief, Plaintiff for the first time became aware of the transcript problems. On January 26, 2007, Plaintiff filed a *pro per* motion in the Ingham County Circuit Court entitled "Dual Motion (Preservation of Issues), Motion to Withdraw Plea After Sentencing: Motion for Resentencing, Dated and Erroneous Information Considered at Sentencing." (Attach. 1-B to Compl., docket #1 at 5.) The Ingham County Circuit Court held that the motion, insofar as it sought to withdraw the plea under MICH. CT. R. 6.310(B) or to correct the sentence under MICH. CT. R. 6.429, was untimely. The court held that Plaintiff's sole available relief in the circuit court was a motion under subchapter 6.500 of the Michigan Court Rules. The court held, however, that Plaintiff's motion was inadequate for consideration under subchapter 6.500, because it was not submitted in the proper form required by MICH. CT. R. 6.502. (*Id.*) The court therefore denied the motion as untimely, insofar as it sought relief under MICH. CT. R. 6.310 and MICH. CT. R. 6.429. The court further ordered that Plaintiff file within 21 days an amended motion that complied with the requirements of MICH. CT. R. 6.500 *et seq.* (Attach. 1-B to Compl., docket #1 at 6.)

Plaintiff alleges that, at the time he filed his motion, he believed he was entitled to equitable tolling the motion under Michigan Court Rules 6.310 and 6.429 for all of the 104 days of delay between his original request for transcripts and the actual filing of those transcripts. The circuit court did not grant equitable tolling for the delay in the production of the transcript of the probation violation plea hearing and found that relief under those rules was time barred. Plaintiff alleges that the delays by Defendant Kiry in ordering the proper transcript and by Defendant Westfall in producing the probation-violation plea transcript denied him his right of judicial review

under Rules 6.310 and 6.429. He contends that the alleged denial of judicial review violated his federal constitutional rights of due process, equal protection and meaningful access to the courts. He seeks compensatory and punitive damages.

## II. Quasi-Judicial Immunity

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself."); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed

by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees are entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applies to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 Fed. App'x 492 (6th Cir. 2003) (federal court clerk); *Washington v. Shelby County*, No. 88-6321, 1989 WL 63896 (6th Cir. 1989) (court reporter is entitled to judicial immunity when acting within the scope of his or her official duties).

Defendants Kiry and Westfall, in their roles as a court clerk and court reporter complying with a court order for production of transcripts, clearly were performing tasks integral to the state judicial process and at the direction of the judge, who would himself be entitled to judicial immunity for the function. Defendants therefore are entitled to quasi-judicial immunity.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because it seeks monetary relief from persons immune from that relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   December 17, 2009            /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge